

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:07CR213-HEH
)
RODNEY JEROME PARKER, )
)
    Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Rodney Jerome Paker ("Petitioner"), a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 petition. Petitioner contends that he is entitled to relief because he was denied the effective assistance of counsel. Specifically, Petitioner contends that his attorney "failed to object to the prosecution['s] unconstitutional motive for not filing a substantial assistance for movant. Where the prosecution acted 'arbitrarily' or 'in bad faith', when they refused to file for substantial assistance for movant." (Mem. in Supp. of § 2255 1.) The United States has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On May 22, 2007, Petitioner was charged in a two-count indictment. Count One charged Petitioner with possession with intent to distribute five grams or more of cocaine base. Count Two charged Petitioner with possession of a firearm by a convicted felon. On August 13, 2007, pursuant to a plea agreement, Petitioner pleaded guilty to Count One of the indictment. The Plea Agreement provided, in pertinent part, that Petitioner was required "to cooperate fully and truthfully with the United States." (Plea Agreement ¶ 11,

14.) Nevertheless, Petitioner acknowledged that any reduction in Petitioner's sentence for substantial assistance under Federal Rule of Criminal Procedure Rule 35(b) was entrusted to the "sole discretion" of the United States. (Plea Agreement ¶ 15.) The Plea Agreement further provided that, "[t]he defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States." (Plea Agreement ¶ 19.) On November 7, 2007, the Court sentenced Petitioner to a term of imprisonment of 105 months.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Here, Petitioner contends that, prior to sentencing, the Assistant United States Attorney, stated to Petitioner's counsel "'I want you to know that because [Petitioner] had a prior Federal case, and a Rule 35 on that one, I'm not looking to give him that opportunity again, and I have in fact told my agents that they are not to seek or rely on his cooperation any further.'" (Mem. in Supp. of § 2255 12.) Petitioner contends that counsel should have objected that the Government's refusal to file a motion on this basis was arbitrary and amounted to bad faith.

The Plea Agreement clearly reserved to the prosecution the sole discretion to pursue a motion for a downward departure under Rule 5K.1 of the Sentencing Guidelines or a motion under Federal Rule of Criminal Procedure 35(b) motion. Thus, it is clear that nothing within the Plea Agreement limited the government's expansive discretion in determining whether to recommend a sentence reduction. *See United States v. Hartwell*, 302 F. Supp. 2d 609, 613 (E.D. Va. 2004) (citing *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000)).

Because the Plea Agreement did not encumber the United States's expansive discretion with regard to sentence recommendations, "absent a substantial threshold showing that the refusal to move for a sentence reduction is based on bad faith or unconstitutional motives, *e.g.,*-race, religion, or gender-, or is not rationally related to a legitimate government end, this Court cannot review it." *United States v. El-Amin*, 373 F. Supp. 2d 574, 581-82 (E.D. Va. 2005) (citing cases). Here, Petitioner contends that the

refusal to file a motion for a reduced sentence, because Petitioner previously had received a reduced sentence from a Rule 35(b) motion, amounts to bad faith and is not rationally related to a legitimate government end. The Court disagrees.

"Deterring criminal conduct is a rational governmental interest that sufficiently supports the government's refusal to make a substantial assistance motion." *United States v. White*, 280 F. App'x 317, 320-21 (4th Cir. 2008) (No. 07-4678) (citing *United States v. Butler*, 272 F.3d 683, 687 (4th Cir. 2001)). It is rational for the United States to refuse to offer a defendant/cooperator who violates the law a second opportunity to cooperate and provide substantial assistance. *Id.* Thus, Petitioner fails to demonstrate that counsel was deficient or that he was prejudiced by counsel's failure to challenge the lack of a motion for a sentence reduction by the Untied States. Petitioner's 28 U.S.C. § 2255 motion will be denied. The action will be dismissed.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 14 2010
Richmond, Virginia

4